[Civ. No. 13893.   Second Dist., Div. Two.   Mar. 16, 1943.]

RICHARD NEWSOM, a Minor, etc., et al., Appellants, v. HAROLD L. SMILEY et al., Respondents.

Harold Richardson, Betts & Garrison and Montgomery G. Rice for Appellants.

Spray, Davis & Gould for Respondents.

WOOD (W. J.), J.—Plaintiff Richard Newsom, a boy eight years of age, seeks to recover for injuries which he suffered when he was struck by a truck driven by defendant Smiley and owned by defendant Herington. His father seeks to recover for medical expenses. A jury returned a verdict in favor of defendants and plaintiffs have appealed from the ensuing judgment.

The accident occurred shortly before noon on April 16, 1940, at the intersection of Haviland Avenue and Camilla Street in the city of Whittier. According to the testimony of plaintiff Richard Newsom, which was introduced by stipulation, he had "no recollection whatever of any of the events occurring immediately prior to or at the time of the accident in question." Defendant Smiley testified that he was driving the truck northerly on Haviland Avenue at a speed of from 20 to 25 miles per hour; that as he approached to within 30 to 40 feet of the intersection of Haviland Avenue and Camilla Street he observed four boys, one riding a bicycle and the others running after him in the intersection; that the nearest boy to the bicycle was 3 or 4 feet behind the bicycle; that the boys appeared to be running in competition with the bicycle; that all of these boys passed the front of the truck and passed the center of Haviland Avenue before the accident; that these boys were strung out at a distance of about 8 to 10 feet between the boy on the bicycle and the last boy following him; that he did not see the fifth boy, who came in contact with his truck, until the boy jumped off the sidewalk into Haviland Avenue from behind the shrubbery on the parkway on Haviland Avenue; that when he observed the boy on the bicycle and those following him he immediately slowed down and applied his brakes and "watched them as they continued on past"; that he stopped his car within 6 feet after the impact.

Appellants contend that they were unduly curtailed in their cross-examination of defendant Smiley. The record discloses: "A. After you observed these boys in the street going across you didn't make any conscious effort to determine whether or not there were any other boys coming on the sidewalk, did you? Mr. Smiley: Well, I was looking

ahead. Q. You didn't make any conscious effort to determine whether or not there were any other boys coming on that sidewalk? Mr. Smiley: What do you mean by that? Mr. Spray: Objected to as calling for the conclusion of the witness. Let him state what he did." Counsel for appellants offered to prove that at the time of the taking of his deposition the witness had answered the same question: "I guess not, except I was looking ahead." In sustaining the objection the court stated that the question would be allowed if propounded in the proper form.

The ruling of the court was not erroneous. When the witness was asked whether he made "conscious effort" to determine if other boys were coming it was but natural for him to ask what was meant by the question. An answer concerning "conscious effort" in all probability would have been confusing to the jury. In Funk and Wagnall's Standard Dictionary the word, conscious, is defined: "1. Immediately aware of; mentally recognizing, to some degree and extent, one's own life of feeling and thought, or its objective reference. 2. Improperly, embarrassed by the sense of one's own individuality; self-conscious. 3. Mentally alert; well aware of some object, impression, or truth. 4. Present in the mind, recognized as belonging to oneself; as, *conscious* superiority. 5. Cognizant of guilt or fault. 6. Deliberate; as, *a conscious lie*. 7. Pertaining to consciousness. 8. *Philos.* Having the faculty and physical attributes of consciousness. 9. [Archaic or Obs.] Possessing knowledge in common with another; mutually informed." Manifestly, the jury could not be expected to determine which of these definitions should be applied to the expression contained in counsel's question. Moreover, the question called for a conclusion of the witness. If the witness had testified on direct examination that he had made "conscious effort" to determine if other boys were coming, the testimony would doubtless have been subject to the criticism that it called for a conclusion of the witness. The fact that the question was asked on cross-examination does not make it less objectionable. The court ruled properly in requiring that the question be propounded in proper form. █ Appellants were not prejudiced by the refusal of the court to permit the reading of the deposition of defendant Smiley, for no testimony properly received in the deposition impeached the statements made by the witness at the trial.

The trial court did not err in sustaining an objection to the following question: "It never occurred to you, did it, Mr. Smiley, to make any effort to determine whether there were any other boys running along the sidewalk? The question is argumentative. It was the function of the jury to determine whether defendant had exercised due care in the management of the truck. This they could do by a consideration of the facts established by the evidence, what defendant observed, what he did, or what he failed to do.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.